UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cecil Fitzgerald Jamison, # 46544, | ) C/A No. 4:08-01861-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| | ) |
| Reynaldo Meyers, Director; Milton Pope, County Commissioner; Assistant Dir. Harrell; Capt. William Refo; Capt. Michael Higgins; Captain Redman; Capt. Bowman, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Jamison Myers ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on May 14, 2008. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss for lack of prosecution on October 21, 2008, asserting plaintiff has failed to comply with the court's order to keep the Clerk of Court advised in writing of his current address. Because Plaintiff is proceeding pro se, the court issued an order on or about October 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion to dismiss could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on November 3, 2008, marked "No Longer at This Address" and "Return to Sender." (Doc. #41).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution or the court's Order requiring him to respond. Further, the *Roseboro* Order was returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. (Doc. #41).[2] Plaintiff has not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

---

[2] Document #41 was marked "Return to Sender" and "No Longer At This Address."

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Defendants' motion to dismiss for lack of prosecution (doc. #38) be GRANTED and Plaintiff's complaint dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

        Respectfully submitted,

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

February 9, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**